## SCHAFFER *v.* SCHAFFER *et al.*

*(Supreme Court, General Term, First Department.* May 24, 1889.)

CONTINUANCE—DISCRETION OF TRIAL COURT.

 After several ineffectual attempts by plaintiff to have the trial of her action post-poned to the next term, the cause was on December 5th marked ready for trial, without objection by her attorneys. When it was reached for trial, two days later, her attorney again applied for further postponement on the ground of her illness, and a postponement was had for three days, to enable defendants to ascertain the true condition of her health. Subsequently affidavits were produced, and oral evidence taken, and the trial judge, being satisfied that plaintiff's application was merely for delay, refused further postponement, and allowed defendants to take a dismissal. *Held,* that the exercise of the trial court's discretion would not be interfered with, particularly as it did not appear but that plaintiff could begin a new action by paying costs.

Appeal from special term, New York county.

This is an appeal by the plaintiff, Henrietta Schaffer, from an order of the special term, refusing to vacate an order made at trial term refusing plaintiff's application for a postponement of the cause, and dismissing the complaint.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Jacob Levy,* (*George W. Miller,* of counsel,) for appellant. *John O. Mott,* for respondents.

PER CURIAM. After an application made by the plaintiff to postpone the trial of the case, the court at special term fixed the day peremptorily for the first Monday of November, 1888. The cause was not, however, again called for trial until November 19th. At the last-mentioned time the defendants were ready and desirous of proceeding, but the plaintiff made an application to the court that the case go over, which application was denied. The cause was again on the day calendar on November 22d, whereupon the plaintiff's counsel again asked that it be put over the term, which application was also denied. Finally, on November 26th, the plaintiff's attorney again applied for postponement. Again was the trial set down peremptorily for the 28th day of November, but the case did not make its appearance again upon the day calendar until December 5th, at which time the cause was marked ready, without objection on the part of the plaintiff's attorney. On December 7th, when the cause was reached for trial, the plaintiff's attorney made an application for further postponement, on the ground of the illness of the plaintiff. A postponement was had until the 10th of December, to enable the defendants to ascertain the true condition of the plaintiff's health, and subsequently affidavits were produced, and some oral evidence was taken by the trial judge. Being satisfied that the application of the plaintiff was for delay only, and not made in good faith, he refused a further postponement, and permitted the defendants to take a dismissal of the complaint. On the whole, we are of the opinion that there was no unwarrantable exercise of the discretionary power possessed by the trial judge, and that the special term was correct in declining to revise that determination. From the papers before us it does not appear that any right of action will be lost to the plaintiff, and that she will be unable upon the payment of the costs of the action to begin her suit again, if she is so advised. The order appealed from should be affirmed, with $10 costs and disbursements.